BARNARD v. GANTZ et al.

(Supreme Court, General Term, Second Department.  December 12, 1892.)

FRAUD AND UNDUE INFLUENCE—RESCISSION OF DEED.

A woman 80 years old, ignorant, deaf, and of a passionate temper, executed a trust deed of her property to a son-in-law, who was her confidential adviser, and a son, by which after her death the entire estate was to go to the trustees, subject to a life estate in a small part in favor of two other sons, while two daughters got nothing.  The grantor subsequently commenced an action to set aside the deed because of fraud and undue influence in its procurement, which was continued after her death by her administrator.  At the time she executed the deed she also made a will, which was subsequently destroyed, and she was on bad terms with her two daughters at the time.  Nor did she know that the legal effect of the deed was to irrevocably transfer her property, but supposed that both deed and will could be changed at pleasure. *Held,* that the deed should not be allowed to stand.

Appeal from judgment on report of referee.

Action by John T. Barnard, as temporary administrator of Ann E. Crouse, against John F. Gantz, Susan E. Hall, individually, and as executrix and trustee of the last will and testament of Washington A. Hall, deceased, William H. Clark, as trustee under the last will and testament of Washington A. Hall, deceased, Clinton W. Starkey, Joseph W. Gantz, and George H. Gantz.  From a judgment entered on a referee's report dismissing the complaint on the merits in an action originally brought by Ann E. Crouse, and revived by her administrator, to reform a certain trust deed of her property by inserting in it a power of amendment or revocation, plaintiff appeals.  Reversed.

Argued before BARNARD, P. J. and DYKMAN and PRATT, JJ.

George G. Barnard, (E. B. Barnum, of counsel,) for appellant.

Hatch & Warren, (Thomas P. Wickes, of counsel,) for respondents.

BARNARD, P. J.  On the 24th of August, 1883, Ann E. Crouse, now deceased, executed a trust deed to Washington Hall, a son-in-law, and John F. Gantz, a son, who were, by the deed, to collect the interest on the property covered by the deed.  The property assigned was $33,-000 in value.  The income was to be paid to Mrs. Ann E. Crouse during her life.  After her death, $13,000 of the property went absolutely to Washington A. Hall.  Two separate trusts were created, by which the income on $10,000 was to go for life to two children of Mrs. Gantz, and after their death the property was to go to the trustees, Hall and Gantz, equally in each trust fund.  The trust property took almost the entire estate of Mrs. Crouse.  She left six children when she died, who were the children of her former husband, Gantz.  In the absence of explanation, the result is very unjust.  Hall, who is only the husband of a daughter, gets fully more than half of the whole trust estate, and his cotrustee, a son, gets what is left, some $10,000.  The inequality as to the trustee Gantz is not so great as in the case of his cotrustee.  The $20,000, after taking out the Hall gift, is subject to a life estate,—one half to one brother, and the remaining half to another brother; and then, after the life estate expires, he gets $10,000.  Two daughters get nothing.  Hall was for many years the confidential adviser of the deceased,

Mrs. Crouse. Mrs. Crouse, in her lifetime, commenced an action to set aside the trust deed because of fraud and undue influence in its procurement by Hall, which was, after her death, continued by plaintiff. The question presented is whether the trust deed is valid or not. Mrs. Crouse was examined in her lifetime, but, as Hall was then dead, her examination is not of the completeness which would have reached the whole transaction if her testimony had been unrestricted. She states that she thinks she executed a will at the time of the trust deed. The complaint states that the will divided the property in the same way as the trust deed. Mrs. Crouse states that, when this trust deed was given, she was on ill terms with her two daughters. The lawyer, Wilber, who drew the trust deed, and witnessed it, does not remember the will, but his remembrance is clear that he read over the deed to Mrs. Crouse; that she was a bright, capable old lady, of some 80 years of age. There is no proof that the trustee Gantz ever knew of the trust deed before its execution. Hall had been for many years a confidential adviser of Mrs. Crouse; and he presumably, even ·certainly, employed the lawyer who drew it. I think there was a will drawn when the deed was drawn. Hall tells his wife, in speaking of the trust deed, that Mrs. Crouse had also made her will. The witness Clark says he has a recollection that an envelope was found in the Oriental Bank, where Hall kept the papers, marked "Will of Mrs. Crouse." Mrs. Crouse thinks she subsequently destroyed the will. Hall told his wife that the will and trust deed substantially gave the whole estate to her and her brothers. Why was there a will drawn if the deed was to be absolute and operative? The referee has found that she did not know that the legal effect of the deed was to irrevocably transfer the lands. She was 80 years old, and quite deaf. She was very ignorant and passionate; her letters show a savage temper. A transaction with her ought to be proven to have been understandingly made. She had a right to be better informed. Her adviser profited by her ignorance. The referee's finding is supported by the transaction as well as by the proof. The subsequent ratification is without weight unless it was made with an understanding that the first deed did not take absolutely the property from her. ·She supposed that both deed and will could be changed by her at pleasure, and the ratification was not intended by her to change her relation to her property, as she understood the effect of the papers. The· transaction is one which should not stand, under the proof. In re Will of Smith, 95 N. Y. 522.

There should be a new trial, with costs to abide event. All concur.